UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

BR FESTIVALS, LLC,  No. 14-10175

                Debtor(s).
_____/

BR FESTIVALS, LLC,

                Plaintiff(s),

    v.  A.P. No. 14-1024

JASON W. JOHNSON, et al.,

                Defendant(s).
_____/

Supplemental Memorandum re Liability of DeVille Enterprises, Inc.
_____

     A dispute has arisen after the trial as to whether judgment should be entered against both defendants or against Johnson alone. The court thought during the trial that this was a non-issue since defendants produced no evidence on the matter and, even though they briefed the case to death, did not raise the issue in their written arguments. Moreover, defendants had expressly represented in their proposed findings and conclusions that "For purposes of this adversary proceeding, the interests of

1

Johnson and DeVille Enterprises, Inc., are identical."[1]

The relevant facts are not in dispute and are recited in Johnson's supplemental brief. Someone had provided the wrong bank account number to BR Festivals, so that the funds that were supposed to go to Johnson were instead wired to defendant DeVille Enterprises, Inc., a corporation in which Johnson had an interest.[2] DeVille immediately transferred the funds to Johnson.

If the funds had been intentionally transferred to DeVille, it might have been liable for receipt of a constructively fraudulent transfer, as DeVille was not owed anything by BR Festivals. However, BR Festivals represented in its trial brief that it accepted Johnson's testimony that the transfer to DeVille was a pure mistake, so that judgment was only sought against DeVille as an initial transferee pursuant to § 550(a)(1) of the Bankruptcy Code. Bootstrapping BR Festival's concession into a defense, DeVille now argues for the first time that it was a mere conduit, not an initial transferee.

The court would be justified in stopping its analysis at defendants' admission that the interests of DeVille and Johnson were identical; to do otherwise would allow defendants to sandbag BR Festivals and mislead the court. However, it is clear from what evidence the court gleans and recalls, even though it was not concentrating on the issue during trial, that DeVille was an active participant, not a mere conduit. The Operating Agreement gave it specific rights. BR Festivals was instructed to transfer the funds to it. The court has no difficulty finding that DeVille is exactly the sort of immediate transferee Congress sought to make liable for an avoided transfer pursuant to §550(a)(1).

---

[1] Page 6, footnote 4. In addition to extensive formal briefs, defendants presented 35 pages of proposed findings and conclusions which were in substance an additional brief. In addition to representing that the interests of Johnson and DeVille were identical, it recites at paragraph 2 of the proposed conclusions of law [page 7, lines 26 -28] that "defendants Johnson and DeVille Enterprises received funds invested by third party Saratoga and provided to defendants after BRF had compelled the buyout of Johnson's membership interest."

[2] The court cannot recall the evidence as to Johnson's exact interest in DeVille. However, section 10.15 of the BR Festivals Operating Agreement, dealing with the company's right to buy out Johnson, obligates BR Festivals to continue to promote "the brands and trade names of DEVILLE ENTERPRISES, INC." even after Johnson's buyout, leading the court to infer Johnson has a significant economic interest in Deville.

2

1   Moreover, defendants have not established that DeVille could not have exercised dominion and
2   control over the funds when it received them. The mere fact that it immediately transferred the funds
3   to Johnson does not mean it could not have done otherwise, especially since it appears that Johnson
4   controlled DeVille. Once defendants had conceded that their interests were identical, the burden
5   certainly shifted to them to demonstrate otherwise. This they have failed to do.
6       For the foregoing reasons, judgment shall be entered against both defendants.

Dated: March 20, 2015

_____
Alan Jaroslovsky
U.S. Bankruptcy Judge